JAMES C. MILLER
v.
MARY E. BEST ET AL.

*Real Property—Vendor and Vendee—Mental Incapacity—Evidence.*

In an action to enforce a lien on land for the purchase money, in which defendant claimed he had made a settlement with his vendor, this court declines to interfere with a finding that the vendor was mentally incapable of making a binding settlement.

[Opinion filed June 13, 1890.]

APPEAL from the Circuit Court of Wayne County; the Hon. CARROLL C. BOGGS, Judge, presiding.

On the 16th day of December, 1880, James Miller sold to appellant, James C. Miller, his son, 120 acres of land, situated in Wayne county, for $1,500. The vendor executed to the vendee a bond for a deed; $200 was paid when the bond was delivered, and the remaining $1,300 was to be paid in annual installments of $200. There is a dispute as to the subsequent payments. Appellant claims he paid in cash $407, and paid a mortgage on the land of $334.50. He also claims that James Miller owed him for board from 1880 to 1888. Appellees insist that the money paid on the mortgage was money appellant received from James Miller for the purpose of lifting the mortgage, and that James Miller paid his board in work he did for appellant. In November, 1888, appellant and James Miller had a settlement, as is claimed by appellant, when it was conceded by James Miller that appellant only owed him on the land $250, and that appellant then paid him $50 and gave his note for $200, secured by a mortgage on the land, and thereupon James Miller executed and delivered to appellant a deed for the land.

In October, 1889, appellees were appointed by the County Court of Wayne County, conservators of James Miller, and

they filed the bill in this cause seeking to enforce a lien for that portion of the purchase money of the land unpaid, alleging that at the alleged settlement and before that time the mind of James Miller was so enfeebled as to render him legally incapable of making a settlement or transacting any business. Upon this question also the evidence was conflicting. The Circuit Court found that James Miller was mentally incompetent at the time of the alleged settlement to transact any business, so that it would be legally binding on him; found the balance due on the sale of the land to be $415.38; ordered this sum to be paid by appellant to appellees in thirty days, and in default thereof that the land be sold by the master in chancery.

Messrs. HANNA & HANNA and EDWIN BEECHER, for appellant.

Messrs. CREIGHTON & COOPER, for appellees.

REEVES, P. J.    The primary question arising in this case is, what was the mental condition of James Miller at the time of the alleged settlement? The complainants introduced upon this branch of the case Mrs. Best, a daughter of James Miller, who testified in substance : " It seems he can not remember anything. He will talk about a thing one day and the next day he can't remember anything about it. He will tell over the same thing two or three times the same day, as though he had never mentioned it before." "Do you say your father's mind was so impaired a year ago that he could not remember?" " He could not remember enough to do any business." Mrs. Karnes, another daughter, testified: " I know he was very forgetful. He would state the same thing over and over again. He would tell the same thing over the next day as though he had never told it before. Father is eighty years old." The old gentleman himself was a witness. He was able to tell about the time he sold the land to appellant. He fixed the price at $1,600, when the bond for a deed showed it was $1,500. He could not tell how much was paid him at the

time of the sale. He could not tell how much had been paid him since. He could not tell how much money he had used. He said he had paid for his clothing, had no necessity to spend money for anything else except when he went to Kansas. He remembered going to Ohio soon after the sale was made, but could not tell how much money he took with him. His expenses on this trip he says was simply his railroad fare, and the same as to his trip to Kansas. He says his memory has been failing for several years; had so much trouble that his mind had given way. Then follows his account of making the deed to appellant. "He (appellant) came into the shop where I was making same barrels, and asked me if I was ready to go to Shelton's and fix up that business. I said I could go at any time. I quit work and we went over there, a mile and a half. There was not a word said about our business until we got there. When we got there the children brought a basket of apples; I took up a couple of apples and called for a knife to scrape one. I scraped one on the porch. I did not go in. They went into the office and done up the business. I did not go in with them or do anything until they were ready. They called me to sign the deed. I just sat down and signed it. I did not think there was anything beyond it. I did not think there was anything wrong about that, but he did not pay according to the bond by a good bit. I expected him to do right. I did not need the money, and he did." Shelton, before whom the deed was acknowledged, saw nothing in the old gentleman that led him to suspect that he was not mentally competent to make the deed. James Riggs, T J. Parnell, Richard Elow, Richard Barker and Reuben Bowman, persons living in the same neighborhood with the old gentle. man, testified that in 1888 his mind was all right, so far as they knew, except that one of them said he was quite forgetful. Upon this evidence the Circuit Court found that James Miller was so far mentally incompetent as not to be bound by the alleged settlement of November, 1888. The proof offered by the complainants tended to show such a want of memory on the part of Miller as would illy qualify him to make a settle-

ment of a transaction extending over a period of eight years and embracing a number of payments. Furthermore it should be borne in mind that the circuit judge who tried this case had the opportunity of seeing the witnesses, hearing them testify, observing their manner, testing their candor, and thus weighing their testimony much more satisfactorily than we can possibly do who have only the written transcript of the testimony before us. He had also before him the man himself, as a witness, in relation to whose mental condition the testimony was given. Under these conditions we do not feel justified in setting aside the finding of the trial court on this question. Under the evidence upon the remaining branch of the case, namely, the amount due from appellant on the sale of the land, we think the court below is abundantly sustained in its finding. The decree of the Circuit Court is therefore affirmed.

<em>Judgment affirmed.</em>